IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:23-CV-1600-D

| | |
|---|---|
| JENNA JOHLIN-THOMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| WSFX LLC, ) | |
| ) | |
| Defendant. ) | |

On November 17, 2023, Jenna Johlin-Thompson ("Johlin-Thompson" or "plaintiff") filed this action against WSFX LLC ("WSFX" or "defendant") for religious discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq., and failure to accommodate in violation of Title VII. See [D.E. 1] ¶¶ 35–40. On February 2, 2024, WSFX moved to dismiss Johlin-Thompson's complaint [D.E. 12] and filed a memorandum in support [D.E. 13]. See Fed. R. Civ. P. 12(b)(6). On March 22, 2024, Johlin-Thompson responded in opposition [D.E. 22]. On April 19, 2024, WSFX replied [D.E. 24]. As explained below, the court grants WSFX's motion to dismiss the complaint [D.E. 12].

I.

WSFX is a media company in Wilmington, North Carolina. See Compl. [D.E. 1] ¶ 5. American Spirit Media ("Media") of Charlotte, North Carolina owns WSFX. See id. In December 2016, Johlin-Thompson began working for WUPW-FOX 36 in Toledo, Ohio. See id. at ¶ 7. In December 2020, Johlin-Thompson transferred to work for WSFX. See id.

On August 16, 2021, WSFX told Johlin-Thompson she needed to receive a COVID-19 vaccination by October 1, 2021, to comply with its COVID-19 protocols. See id. at ¶ 9. Johlin-

Thompson requested an exemption. See id. at ¶ 18. On August 18, 2021, WSFX denied Johlin-Thompson's exemption request. See id. On August 20, 2021, WSFX granted Johlin-Thompson a reasonable accommodation, however, requiring Johlin-Thompson to produce a weekly negative COVID-19 test at her own cost. See id. at ¶ 19. Johlin-Thompson sought medical accommodations. See id. at ¶¶ 10–11, 14–17. Later in August, Johlin-Thompson alleges WSFX encouraged her to work from home as an unvaccinated worker. See id. at ¶ 13.

On October 12, 2021, WECT, whose relationship to WSFX is unclear, disabled Johlin-Thompson's building door card, preventing Johlin-Thompson from attending work in-person. See id. at ¶¶ 9, 21–22. Regardless, Johlin-Thompson continued to comply with her required COVID-19 testing. See id. at ¶ 24. Throughout her employment at WSFX, various employees encouraged Johlin-Thompson to get a COVID-19 vaccination. See id. at ¶ 23; [D.E. 1-4].

On August 29, 2022, Johlin-Thompson received a negative performance review and met with Jeff Gallop and Charlotte Cohen to discuss her performance. See Compl. ¶ 26; [D.E. 1-5]. Following this meeting, Johlin-Thompson received a "step-down agreement," which would gradually eliminate her base salary and place her on a commission-only status. Compl. ¶¶ 27–29; see [D.E. 1-6].

On September 12, 2022, feeling "unwelcome as an employee due to her religious beliefs," Johlin-Thompson resigned. Compl. ¶¶ 30–32. She filed a charge with the Equal Employment Opportunity Commission ("EEOC") for religious discrimination by WSFX. See id. at ¶ 33. On September 17, 2023, she received a right-to-sue letter. See id. at ¶ 34.

II.

A motion to dismiss under Rule 12(b)(6) tests the complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–80 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544,

2

554–63 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). To withstand a Rule 12(b)(6) motion, a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quotation omitted); see Twombly, 550 U.S. at 570; Giarratano, 521 F.3d at 302. In considering the motion, the court must construe the facts and reasonable inferences "in the light most favorable to [the nonmoving party]." Massey v. Ojaniit, 759 F.3d 343, 352 (4th Cir. 2014) (quotation omitted); see Clatterbuck v. City of Charlottesville, 708 F.3d 549, 557 (4th Cir. 2013), abrogated on other grounds by Reed v. Town of Gilbert, 576 U.S. 155 (2015). A court need not accept as true a complaint's legal conclusions, "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 678–79. Rather, a plaintiff's factual allegations must "nudge[] [her] claims," Twombly, 550 U.S. at 570, beyond the realm of "mere possibility" into "plausibility." Iqbal, 556 U.S. at 678–79.

"Determining whether a complaint states a plausible claim for relief . . . [is] a context specific task that requires the reviewing court to draw on judicial experience and common sense." Iqbal, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint does not suffice. Id.

When evaluating a motion to dismiss, a court considers the pleadings and any materials "attached or incorporated into the complaint." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011); see Fed. R. Civ. P. 10(c); Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 165–66 (4th Cir. 2016); Thompson v. Greene, 427 F.3d 263, 268 (4th Cir. 2005). A court also may consider a document submitted by a moving party if it is "integral to the complaint and there is no dispute about the document's authenticity" without converting the

3

motion into one for summary judgment. Goines, 822 F.3d at 166. "[I]n the event of conflict between the bare allegations of the complaint and any exhibit attached . . . , the exhibit prevails." Id. (quotation omitted); see Fayetteville Invs. v. Com. Builders, Inc., 936 F.2d 1462, 1465 (4th Cir. 1991). Additionally, a court may take judicial notice of public records. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

Even though a plaintiff need not plead a prima facie case to survive a motion to dismiss,[1] Swierkiewicz "left untouched the burden of a plaintiff to allege facts sufficient to state all the elements of her claim." Jordan v. Alt. Res. Corp., 458 F.3d 332, 346 (4th Cir. 2006) (cleaned up), overruled on other grounds by Boyer-Liberto v. Fontainebleau Corp., 786 F.3d 264 (4th Cir. 2015) (en banc); see McCleary-Evans v. Md. Dep't of Transp., 780 F.3d 582, 585 (4th Cir. 2015).

Before a person may file a claim in court under Title VII, the person must file a charge of discrimination with the EEOC. See 42 U.S.C. § 2000e-5(f)(1). An EEOC charge suffices "only if it is sufficiently precise to identify the parties, and to describe generally the action or practices complained of." Chacko v. Patuxent Inst., 429 F.3d 505, 508 (4th Cir. 2005) (quotation omitted); see Miles v. Dell, Inc., 429 F.3d 480, 491–92 (4th Cir. 2005). Moreover, the content of the EEOC charge determines the scope of plaintiff's right to maintain a Title VII claim in court. See, e.g., Hentosh v. Old Dominion Univ., 767 F.3d 413, 416–17 (4th Cir. 2014), abrogated on other grounds by Fort Bend Cnty. v. Davis, 139 S. Ct. 1843 (2019); Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 132–33 (4th Cir. 2002). "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." Evans v. Techs.

---

[1] See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510–15 (2002).

4

Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir. 1996); see Sydnor v. Fairfax Cnty., 681 F.3d 591, 594 (4th Cir. 2012); Miles, 429 F.3d at 491–92; Bryant, 288 F.3d at 132–33. "Thus, a claim in formal litigation will generally be barred if the EEOC charge alleges discrimination on one basis, such as race, and the formal litigation claim alleges discrimination on a separate basis, such as sex." Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009), abrogated on other grounds by Davis, 139 S. Ct. 1843; see Bonds v. Leavitt, 629 F.3d 369, 379 (4th Cir. 2011). The same principle applies with respect to a plaintiff who files an EEOC charge with respect to one adverse employment action (such as a failure to rehire), but then seeks to expand the formal litigation claim to a separate adverse employment action (such as an earlier termination). See Bonds, 629 F.3d at 379–80; Jones, 551 F.3d at 300; Miles, 429 F.3d at 491–92; Chacko, 429 F.3d at 509; Bryant, 288 F.3d at 132–33; Evans, 80 F.3d at 963. The rationale behind these principles concerning the scope of an EEOC charge relates to providing fair notice to an employer concerning a charge and to permitting the EEOC to investigate and (if appropriate) resolve the dispute without a lawsuit. See, e.g., Chacko, 429 F.3d at 508–09, 513; Miles, 429 F.3d at 491.

## III.

Under Title VII, an employer means "a person engaged in an industry affecting commerce who has [15] or more employees for each working day in each of [20] or more calendar weeks in the current or preceding calendar year." 42 U.S.C.S. § 2000e(b). WSFX argues that it is not subject to Title VII because Johlin-Thompson fails to plausibly allege that it employs 15 or more employees. See [D.E. 13] 12–13; [D.E. 24] 6. Johlin-Thompson responds that WSFX is either a joint or integrated employer with Media. See [D.E 22] 5–12.

Under Title VII, more than one collective entity can be an individual's employer. See, e.g., Butler v. Drive Auto. Indus. of Am., Inc., 793 F.3d 404, 410 (4th Cir. 2015). A parent corporation

5

can be an employer when it exercises excessive control in one of two ways: either (1) when it "control[s] the employment practices and decisions of the subsidiary," or (2) when it so "dominate[s] the subsidiary's operations that the parent and the subsidiary are one entity and thus one employer." Johnson v. Flowers Indus., Inc., 814 F.2d 978, 981 (4th Cir. 1987). Since Johnson, two separate doctrines have emerged: the joint employer doctrine and the integrated employer doctrine. See Butler, 793 F.3d at 408 n.3; Evans v. Capitol Broad. Co., ___ F. Supp. 3d ___, 2024 WL 535189, at *4 (E.D.N.C. Feb. 9, 2024).

Under the joint employer doctrine, courts analyze whether a putative employer "exercises significant control over the same employees." Butler, 793 F.3d at 410 (cleaned up). The Fourth Circuit has adopted a hybrid test for assessing joint employment, which requires analyzing:

> (1) authority to hire and fire the individual; (2) day-to-day supervision of the individual, including employee discipline; (3) whether the putative employer furnishes the equipment used and the place of work; (4) possession of and responsibility over the individual's employment records, including payroll, insurance, and taxes; (5) the length of time during which the individual has worked for the putative employer; (6) whether the putative employer provides the individual with formal or informal training; (7) whether the individual's duties are akin to a regular employee's duties; (8) whether the individual is assigned solely to the putative employer; and (9) whether the individual and putative employer intended to enter into an employment relationship.

Id. at 414. The first three factors are the most important, but no one factor is determinative. See id. at 414–15.

The second doctrine outlined in Johnson is commonly referred to as the integrated employer doctrine and requires a court to examine four factors. See Bittle-Lindsey v. Seegars Fence Co., No. 21-1044, 2022 WL 1566770, at *3 (4th Cir. May 18, 2022) (unpublished). The four factors are "(1) common management; (2) interrelation between operations; (3) centralized control of labor relations; and (4) degree of common ownership/financial control." Id. (quotation omitted). No single factor is determinative, but centralized control of labor operations is the most

6

important factor. See id.; Hukill v. Auto Care, Inc., 192 F.3d 437, 442 (4th Cir. 1999), abrogated on other grounds by Arbaugh v. Y & H Corp., 546 U.S. 500 (2006).

Analyzing the factors under either doctrine is a "fact-specific" inquiry, and discovery sometimes is required to "fully bear out the defendants' relationship to each other." West v. J.O. Stevenson, Inc., 164 F. Supp. 3d 751, 764 (E.D.N.C. 2016); see Ali v. Worldwide Language Res., LLC, ___ F. Supp. 3d ___, 2023 WL 5120224, at *12 (E.D.N.C. Aug. 9, 2023); Tasciyan v. Med. Numerics, 820 F. Supp. 2d 664, 672 (D. Md. 2011). Notwithstanding the fact-specific inquiry under each doctrine, the "complaint still must plausibly allege some facts to support either the 'joint employment' or 'integrated employer' theory, or else risk undermining the Twombly-Iqbal standard." West, 164 F. Supp. 3d at 764; see Evans, 2024 WL 535189, at *3–5.

Johlin-Thompson filed her EEOC charge and this action only against WSFX. See Compl. 1, ¶ 33; [D.E. 22-1] 1. She alleges that WSFX employed her and that "WSFX is a media company .... owned by [Media]." Compl. ¶¶ 5, 7. Johlin-Thompson also alleges that Media owns six "news channels across the country." Id. at ¶ 5. WSFX argues that Title VII does not apply to it because it employs fewer than 15 employees and that Johlin-Thompson fails to plausibly allege that Media, who employs more than 15 employees, is her employer. See [D.E. 13] 12–13; [D.E. 24] 6.

Johlin-Thompson responds that WSFX and Media are joint or integrated employers and includes numerous new factual allegations that she did not include in her complaint. See [D.E 22] 5–12. Johlin-Thompson, however, cannot use a response in opposition to a motion to dismiss to amend her complaint. See United States ex rel. Carter v. Halliburton Co., 866 F.3d 199, 210 n.6 (4th Cir. 2017); Murray Energy Corp. v. Admin. of EPA, 861 F.3d 529, 537 n.5 (4th Cir. 2017); vonRosenberg v. Lawrence, 849 F.3d 163, 167 n.1 (4th Cir. 2017); S. Walk at Broadlands

7

Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC, 713 F.3d 175, 184 (4th Cir. 2013); Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 617 (4th Cir. 2009); Optima Tobacco Corp. v. U.S. Flue-Cured Tobacco Growers, Inc., No. 5:16-CV-889, 2019 WL 4858848, at *7 (E.D.N.C. Sept. 30, 2019) (unpublished); Hexion Specialty Chems., Inc. v. Oak-Bark Corp., No. 7:09-CV-105, 2011 WL 4527382, at *7–8 (E.D.N.C. Sept. 28, 2011) (unpublished). Moreover, Johlin-Thompson fails to plead any facts in her complaint connecting WSFX and Media. Thus, Johlin-Thompson fails to plausibly allege that WSFX and Media are joint or integrated employers. See, e.g., Evans, 2024 WL 535189, at *4. Accordingly, the court dismisses without prejudice Johlin-Thompson's Title VII claims against WSFX.

## IV.

In sum, the court GRANTS defendant's motion to dismiss [D.E. 12] and DISMISSES WITHOUT PREJUDICE plaintiff's complaint [D.E. 1]. Plaintiff may file an amended complaint not later than June 28, 2024.

SO ORDERED. This 7 day of June, 2024.

JAMES C. DEVER III
United States District Judge